1  DEBRA ELLWOOD MEPPEN (SBN: 183885)
   dmeppen@gordonrees.com
2  ANTHONY J. BELLONE (SBN: 119450)
   abellone@gordonrees.com
3  LINH T. HUA (SBN 247419)
   lhua@gordonrees.com
4  GORDON & REES LLP
   633 West Fifth Street, 52nd Floor
5  Los Angeles, CA 90071
   Telephone: (213) 576-5000
6  Facsimile: (213) 680-4470

7  Attorneys for Defendant
   FIELD NATION, LLC
8

9              **IN THE UNITED STATES DISTRICT COURT**

10             **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  FERERRI D'ANGELO, individually        ) Case No. 15CV1899-CAB-MDD
    and on behalf of all others similarly  )
13  situated,                              )
                                           )
14             Plaintiff,                  ) **DEFENDANT FIELD NATION,**
                                           ) **LLC'S NOTICE OF MOTION**
15  v.                                     ) **AND MOTION FOR**
                                           ) **DETERMINATION OF GOOD**
16  ITOK, INC., a corporation; and FIELD   ) **FAITH SETTLEMENT;**
    NATION, LLC, a limited liability       ) **MEMORANDUM OF POINTS**
17  company                                ) **AND AUTHORITIES IN**
                                           ) **SUPPORT THEREOF**
               Defendants.                 )
18                                         ) Hon. Mitchell D. Dembin
                                           ) Date:       April 6, 2016
19                                         ) Time:       2:30 PM
                                           ) Courtroom:  11th Floor
20                                         )
                                           ) Accompanying Papers:
21                                         )    1) Declaration of Linh T. Hua in
                                           )       Support of  Motion for
22                                         )       Determination of Good Faith
                                           )       Settlement
23                                         )    2) [Proposed] Order
                                           )
24                                         )

25

26

27

28

*Gordon & Rees LLP*
*633 West Fifth Street, 52nd Floor*
*Los Angeles, CA 90071*

SPTBC/1110575/26666484v.1

-1-

FIELD NATION'S NOTICE OF MOTION
& MOTION FOR DETERMINATION OF GOOD          Case No. 15CV1899-CAB-MDD
FAITH SETTLEMENT; MEMO OF P'S & A'S

1  **TO THIS HONORABLE COURT, TO ALL PARTIES, AND THEIR**

2  **ATTORNEYS OF RECORD:**

3        PLEASE TAKE NOTICE that on April 6, 2016 at 2:30 p.m. or as soon

4  thereafter as the matter may be heard before the Honorable Mitchell D. Dembin of

5  the 11th Floor of the above-entitled Court, located at 333 West Broadway, San

6  Diego, CA 92101, Defendant Field Nation, LLC will and hereby does move for a

7  determination of good faith settlement, pursuant to California Code of Civil

8  Procedure sections 877, 877.6, and *Tech-Bilt, Inc. v. Woodward Clyde &*

9  *Associates,* 38 Cal.3d 488 (1985).

10        This motion is based on the Notice of Motion and Motion, the

11  accompanying Memorandum of Points and Authorities in support of the Motion

12  for Determination of Good Faith Settlement, and all pleadings and papers on file in

13  this action, and upon such other oral and documentary evidence as may be

14  presented at the hearing on this motion.

15

16

17  Dated: February 16, 2016            GORDON & REES, LLP

18                                                    /s/ Linh T. Hua
                                                    Linh T. Hua
19                                                    E-mail: lhua@gordonrees.com
20                                                    *Attorneys for Defendant Field Nation, LLC*

21

22

23

24

25

26

27

28

**Gordon & Rees LLP**
**633 West Fifth Street, 52nd Floor**
**Los Angeles, CA 90071**

-2-

**TABLE OF CONTENTS**

Page(s)

I.     INTRODUCTION ............................................................................................. 1

II.    RELEVANT SUMMARY OF FACTS ........................................................... 1

III.   LEGAL ARGUMENT ...................................................................................... 2

       A.    State Substantive Law Applies to Determine a Good Faith
             Settlement in Federal Court ................................................................... 2

       B.    The Settlement was Made in Good Faith under Section 877.6
             and Satisfies the *Tech-Bilt* Factors...................................................... 3

             1.    Plaintiff's Approximate Total Recovery and Field
                   Nation's Proportionate Liability .................................................... 4

             2.    The Amount Paid in Settlement is Fully Allocated to
                   Plaintiff in Recognition of the Risks at Trial............................... 7

             3.    Financial Conditions and Insurance Policy Limits of
                   Field Nation .................................................................................. 7

             4.    There is No Collusion, Fraud, or Tortious Conduct
                   Aimed to Injure the Interests of ITOK ......................................... 7

IV.    CONCLUSION ................................................................................................. 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Gordon & Rees LLP**
**633 West Fifth Street, 52nd Floor**
**Los Angeles, CA 90071**

FIELD NATION'S NOTICE OF MOTION
& MOTION FOR DETERMINATION OF GOOD          Case No. 15CV1899-CAB-MDD
FAITH SETTLEMENT; MEMO OF P'S & A'S

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Fed. Savings & Loan Ins. Corp. v. Butler*
  904 F.2d 505 (9th Cir. 1990)...................................................................................2

*Galam v. Carmel (In re Larry's Apartment)*
  249 F.3d 832 (9th Cir. 2001).................................................................................2

*O'Melveny & Myers v. F.D.I.C.*
  512 U.S. 79 (1994) ..............................................................................................2

*Tech-Bilt, Inc. v. Woodward Clyde & Associates*
  38 Cal.3d 488 (1985)...................................................................................1, 3, 4, 8

**Statutes**

Code of Civil Procedure
  Section 877 ......................................................................................................1, 3

Code of Civil Procedure
  Section 877.6...................................................................................................1, 3, 8

**Gordon & Rees LLP**
**633 West Fifth Street, 52nd Floor**
**Los Angeles, CA 90071**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FIELD NATION'S NOTICE OF MOTION
& MOTION FOR DETERMINATION OF GOOD          Case No. 15CV1899-CAB-MDD
FAITH SETTLEMENT; MEMO OF P'S & A'S

**MEMORANDUM OF POINTS AND AUTHORITIES**

**IN SUPPORT OF MOTION FOR**

**DETERMINATION OF GOOD FAITH SETTLEMENT**

**I. INTRODUCTION**

Following the filing of Plaintiff D'Angelo Fererri's ("Plaintiff") Complaint against Defendant ITOK, Inc. ("ITOK") and Defendant Field Nation, LLC ("Field Nation"), Plaintiff and Field Nation have entered into a confidential settlement agreement in which Plaintiff will receive $6,000 in exchange for a release of claims against Field Nation and the dismissal of Field Nation from this Action, with prejudice. Pursuant to California Code of Civil Procedure sections 877, 877.6, and *Tech-Bilt, Inc. v. Woodward Clyde & Associates,* 38 Cal.3d 488 (1985), Field Nation moves this Court for a determination of good faith settlement to avoid duplicitous litigation from potential cross-claims for joint liability, should any exist.

**II. RELEVANT SUMMARY OF FACTS**

On August 28, 2015, Plaintiff filed a hybrid Fair Labor Standard Act ("FLSA") and Class Action Complaint in the United States District Court for the Southern District of California against two named Defendants, ITOK, Inc. and Field Nation, LLC ("Action"). The nine causes of action include wage and hour claims under the FLSA, California law, and Minnesota law. On October 6, 2015, ITOK filed an Answer to the Complaint, and on October 14, 2015, Field Nation filed an Answer to the Complaint.[1]

Following a stipulated continuance, the Parties appeared before Magistrate Judge Mitchell D. Dembin for the Early Neutral Evaluation Conference on

---

[1] Declaration of Linh Hua in Support of Motion for Determination of Good Faith Settlement, "Hua Decl.," ¶ 2.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

DEFENDANT FIELD NATION LLC'S NOTICE OF MOTION AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**Gordon & Rees LLP**
**633 West Fifth Street, 52nd Floor**
**Los Angeles, CA 90071**

1   December 23, 2015. Although the Parties did not reach a settlement at that Early

2   Neutral Evaluation Conference, they were strongly encouraged to continue efforts

3   toward early resolution. Thereafter, to further settlement discussions, ITOK and

4   Field Nation separately received settlement demands from Plaintiff.[2]

5        On January 29, 2016, the Parties appeared before Magistrate Judge Dembin

6   for a Case Management Conference during which Plaintiff informed the Court that

7   Plaintiff and Field Nation had reached an individual settlement. As of that date,

8   Plaintiff and ITOK had not reached a settlement. To date, the Court has not

9   certified any proposed class alleged in the Complaint.[3]

10

11   **III.   LEGAL ARGUMENT**

12        **A.   State Substantive Law Applies to Determine a Good Faith**

13            **Settlement in Federal Court**

14        When a district court sits in diversity or hears state law claims based on

15   supplemental jurisdiction, the Court applies state substantive law. *See Galam v.*

16   *Carmel (In re Larry's Apartment)*, 249 F.3d 832, 837 (9th Cir. 2001). In

17   determining whether federal law should preempt state law, the Supreme Court has

18   instructed that "matters left unaddressed in [a comprehensive and detailed

19   statutory scheme] are presumably left to the disposition provide by state law."

20   *O'Melveny & Myers v. F.D.I.C.*, 512 U.S. 79, 85 (1994).

21        This court has held that California Code of Civil Procedure section 877

22   constitutes substantive law, and a settling party may seek a determination that a

23   settlement was made in good faith in federal court. *See Fed. Savings & Loan Ins.*

24   *Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990).

25

26

27

28        [2] Hua Decl., ¶ 3.
     [3] Hua Decl., ¶ 4.

DEFENDANT FIELD NATION LLC'S NOTICE OF MOTION AND MOTION FOR DETERMINATION OF
GOOD FAITH SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**B.** **The Settlement was Made in Good Faith under Section 877.6 and Satisfies the *Tech-Bilt* Factors**

California Code of Civil Procedure Section 877.6 provides that for settlements in which a confidentiality agreement has been entered into, the "issue of the good faith of a settlement may be determined by the court on the basis of affidavits served with the notice of hearing..., or the court may, in its discretion receive other evidence at the hearing." Cal. Code Civ. Proc. § 877.6(b). A determination under Sections 877 and 877.6 "shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Cal. Code Civ. Proc. § 877.6(c). Where a release is given in good faith, it "shall discharge the party to whom it is given from all liability for any contribution to any other parties." Cal. Code Civ. Proc. § 877(b). Thereby establishing that the settlement has finality and avoiding the potentially endless circularity of cross-claims among different defendants.

In its seminal decision, *Tech-Bilt, Inc. v. Woodward Clyde & Associates* (1985) 38 Cal.3d 488, the California Supreme Court outlined a standard for determining a good faith settlement, requiring it to be within the reasonable range of the settling entity's share of liability to Plaintiff. The *Tech-Bilt* Court laid out the following factors that may be relevant in determining good faith pursuant to Code of Civil Procedure section 877: (a) "a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability"; (b) "the amount paid in settlement"; (c) "the allocation of settlement proceeds among plaintiffs"; (d) "a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial"; (e) "the financial conditions and insurance policy limits of settling defendants"; (f) "the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants"; and (g) that the settlement "must not be grossly disproportionate to what a reasonable person, at the time of

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

3

1   the settlement, would estimate the settling defendant's liability to be." *Tech-Bilt*,

2   38 Cal. 3d at 499.

3          **1.      Plaintiff's Approximate Total Recovery and Field Nation's**

4                    **Proportionate Liability**

5          Field Nation owns a website and software platform that allows users to

6   connect for purposes to posting work orders or receiving payment after completing

7   work orders. Users like Plaintiff create profiles on Field Nation's website to market

8   their skills (essentially posting a resume) and their availability to complete work

9   orders in exchange for payment. Users like ITOK create profiles on Field Nation's

10  website to list work orders that need to be completed for their customers in

11  exchange for payment. As part of the website and software platform, Field Nation

12  also issues payment from users like ITOK to users like Plaintiff and receives a

13  service fee for use of the website.[4]  In part, it is based on these facts that Plaintiff

14  names Field Nation as a defendant in his Complaint.

15         Plaintiff's Complaint pleads nine wage and hour causes of action, including:

16  (1) failure to pay wages for all hours worked under the FLSA; (2) failure to pay

17  overtime wages under the FLSA; (3) failure to pay all wages owed under

18  California law; (4) failure to pay overtime wages under California law; (5)

19  unlawful deductions from pay under California law; (6) failure to furnish timely

20  and accurate wage statements under California law; (7) failure to pay final wages

21  under California law; (8) unlawful business practices under California's Business

22  and Professions Code; and (9) unlawful deductions from pay under Minnesota law.

23  All of Plaintiff's wage and hour claims are contingent on the allegation that

24  Plaintiff was as "Technology Advisor" who was misclassified as an independent

25  contractor and should have been paid as an employee. In the Complaint, all nine

26  causes of action extend to one of three proposed classes: (1) FLSA Class; (2)

27

28

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

---

[4] Complaint, ¶ 17; Hua Decl., ¶ 5.

4

DEFENDANT FIELD NATION LLC'S NOTICE OF MOTION AND MOTION FOR DETERMINATION OF
GOOD FAITH SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**Gordon & Rees LLP**
**633 West Fifth Street, 52nd Floor**
**Los Angeles, CA 90071**

1   California Class; and (3) Minnesota Class.[5]

2   As to Field Nation, the Complaint states, "Field Nation acts as a broker

3   supplying technologically savvy individuals to companies that have a need for

4   technical services."[6] Specifically, "Field Nation supplied ITOK with Technical

5   Advisors."[7] Notably, the Complaint does not allege facts the support that an

6   employer-employee relationship existed between Field Nation and Plaintiff.

7   Plaintiff completed 31 work orders for ITOK through Field Nation's website

8   from approximately April 2014 through June 2015.[8] In or around August 2015,

9   Plaintiff filed an unemployment claim against ITOK with the Employment

10  Development Department for the State of California ("EDD").[9] After completing

11  an independent audit, the EDD found that Field Nation was not the employer and

12  determined that "Field Nation, LLC is the payroll agent for ITOK, Inc."[10]

13  The EDD's finding that Field Nation was not Plaintiff's employer is

14  consistent with the Master Services Agreement entered into between ITOK and

15  Field Nation in March 2012, stating: "For the avoidance of doubt, the parties

16  hereby acknowledge and agree that the Technicians are not employees, agents or

17  representatives of [Field Nation]."[11] Furthermore, Field Nation's Provider Terms

18  and Conditions,[12] entered into between Field Nation and Plaintiff, states:

19  • "[Plaintiff] is an independent contractor who uses the Platform to

20  offer services and to perform work on specific projects for [Other

21  Users]."

22  • "Field Nation has no direct responsibility for the scope, nature, quality

23

---

24      [5] Hua Decl., ¶ 6.
        [6] Complaint, ¶ 10.
25      [7] Complaint, ¶ 11.
        [8] Hua Decl., ¶ 8.
26      [9] *Id.*
        [10] Hua Decl., Exh. 1. Field Nation makes no representation as to the validity or accuracy
27  of any claims by Plaintiff against ITOK.
        [11] Hua Decl., Exh. 2.
28      [12] Hua Decl., Exh. 3.

DEFENDANT FIELD NATION LLC'S NOTICE OF MOTION AND MOTION FOR DETERMINATION OF
GOOD FAITH SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1    or character of any work or services performed by [Plaintiff].”

2    • "Field Nation is not an employer or joint employer of [Plaintiff].”

3    • "Field Nation is not responsible for the performance or non-

4    performance of [Other Users] or [Plaintiff].”

5    • "[Plaintiff] acknowledges and agrees that [Plaintiff] is not an

6    employee of Field Nation.”

7    • "Field Nation will not conduct any investigation, certification, or

8    verification of the skills, qualifications, background, and experience

9    of [Another User] for [Plaintiff].”

10   • "Field Nation does not own any information, text, data, or other

11   content that [Plaintiff] submits, stores, or uses in [Plaintiff's] profile,

12   including all Work Order information.”

13   • "[Plaintiff] shall have sole responsibility for the accuracy, quality,

14   integrity, legality, reliability, appropriateness, and intellectual

15   property ownership or right to use of all [Plaintiff's] Data.”

16   Given those facts provided above, Field Nation adamantly denies that an

17   employer-employee relationship existed between Field Nation and Plaintiff. Where

18   an employer-employee relationship does not exist, Field Nation is not liable for

19   wage and hour claims, and Plaintiff's approximate total recovery from Field

20   Nation is zero dollars.[13] To the extent an employer-employee relationship exists

21   with Plaintiff and another entity, Field Nation's proportionate liability as the

22   payroll agent is also zero dollars. Simply stated, Field Nation is not liable for wage

23   and hour claims to Plaintiff because Plaintiff was not Field Nation's employee.

24   Nevertheless, given Field Nation's desire to mitigate attorneys' fees and

25   litigation costs with the anticipated distribution of an FLSA notice and motion for

26   ───────────────
     [13] Hua Decl.,¶¶ 11-12, Exh. 4. – The EDD issued a Statement of Account finding that
27   ITOK was liability to Plaintiff (with tax, penalties, and interest), for the period from June 2014
     through March 2015, to be approximately $10,000. Although this determination is strongly
28   disputed by ITOK, it was a factor considered as Plaintiff's approximate total recovery. Field
     Nation makes no representation regarding any liability ITOK may or may not have to Plaintiff.

6

DEFENDANT FIELD NATION LLC'S NOTICE OF MOTION AND MOTION FOR DETERMINATION OF
GOOD FAITH SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1  conditional certification, and understanding the risks at trial, Field Nation has

2  agreed to pay Plaintiff $6,000 in exchange for a release of claims and dismissal of

3  Field Nation from the Action.[14]

### 2.      The Amount Paid in Settlement is Fully Allocated to Plaintiff in Recognition of the Risks at Trial.

6  Plaintiff and Field Nation have entered into a confidential settlement

7  agreement which provides a general release of Field Nation in an exchange for a

8  payment of $6,000 to Plaintiff. Additionally, Plaintiff has agreed to dismiss Field

9  Nation from this Action, with prejudice, after payment of the settlement amount.[15]

10  Field Nation recognizes the risk of escalated attorneys' fees and litigation

11  cost through jury trial.  Given the sometimes unpredictable nature of a jury, the

12  settlement amount represents a compromise to conserve the resources of the

13  Parties, the Court, and the citizen jurors.[16] It is not grossly disproportionate to what

14  a reasonable person, at the time of settlement, might estimate Field Nation's

15  liability to be.

### 3.      Financial Conditions and Insurance Policy Limits of Field Nation

18  Field Nation does not have an insurance policy that pays any share of the

19  settlement amount. Field Nation's financial condition is such that it is able and

20  willing to pay the settlement amount to Plaintiff. The settlement was not entered

21  into based on Field Nation's ability, or lack thereof, to pay.[17]

### 4.      There is No Collusion, Fraud, or Tortious Conduct Aimed to Injure the Interests of ITOK

24  Following an unsuccessful Early Neutral Evaluation Conference, both ITOK

25  and Field Nation were advised that Plaintiff separately pursued settlement

26

27  [14] Hua Decl., ¶ 13.
     [15] Hua Decl., ¶ 14.
28  [16] Hua Decl., ¶ 15.
     [17] Hua Decl., ¶ 16.

7

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1    discussions with the two named Defendants. The settlement discussions between

2    Plaintiff and the separate Defendants were expressly communicated as confidential

3    under the mediation privilege. However, both ITOK and Field Nation had similar

4    opportunities to separately resolve claims with Plaintiff. The confidential

5    Settlement Agreement between Plaintiff and Field Nation does not discuss ITOK,

6    does not contain illegal provisions, and does not contain terms that would affect

7    any settlement discussions between Plaintiff and ITOK. Furthermore, settlement

8    discussions focused on those facts alleged in the Complaint, information equally

9    available to all Parties in the public record and discovery. At the Case Management

10   Conference, the Court and ITOK were notified that Plaintiff and Field Nation had

11   reached an individual settlement agreement.[18]

12          Pursuant to California Code of Civil Procedure Section 877.6(c), should the

13   Court determine that the settlement was made in good faith, any other joint

14   tortfeasor or co-obligor is barred from any further claims for equitable comparative

15   contribution, or partial or comparative indemnification, based on comparative

16   negligence or comparative fault. To the extent ITOK intends to oppose this motion,

17   ITOK carries the burden to show that the settlement was made in bath faith. "A

18   party asserting the lack of good faith shall have the burden of proof on that issue."

19   Cal. Code of Civ. Proc. § 877.6(d). The party asserting the lack of good faith may

20   demonstrate that the settlement is so far "out of the ballpark" in relation to those

21   factors listed above as to be inconsistent with the equitable objectives of the

22   statute. *Tech-Bilt, Inc.*, 38 Cal. 3d at 499-500.

23   ///

24   ///

25   ///

26

27

28
_____
         [18] Hua Decl., ¶ 17.

8

1  **IV.** **CONCLUSION**

2       Field Nation respectfully requests that this Court enter an Order granting a

3  determination that the settlement between Plaintiff and Field Nation was made in

4  good faith pursuant to California Code of Civil Procedure section 877.6 and *Tech-*

5  *Built, Inc. v. Woodward Clyde & Associates* (1985) 38 Cal.3d 488.

6

7  Dated: February 16, 2016          GORDON & REES, LLP

8

9                                            /s/ Linh T. Hua
                                             Linh T. Hua
10                                           E-mail: lhua@gordonrees.com
                                             *Attorneys for Defendant Field Nation, LLC*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

DEFENDANT FIELD NATION LLC'S NOTICE OF MOTION AND MOTION FOR DETERMINATION OF
GOOD FAITH SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF