1  Alisa A. Martin, State Bar No. 224037
   **AMARTIN LAW, PC**
2  600 West Broadway, Suite 700
   San Diego, CA 92101
3  Telephone:  (619) 308-6880
   Facsimile:  (619) 308-6881
4
   Lindsay C. David, State Bar No. 283267
5  **SAN DIEGO COUNTY LAW OFFICES**
   2173 Salk Avenue, Suite 250
6  Carlsbad, California 92011
   Telephone: 760-206-3566
7  Facsimile:  760-579-7319

8  *Attorneys for Plaintiff and the Class*

9

10                **UNITED STATES DISTRICT COURT**

11                **SOUTHERN DISTRICT OF CALIFORNIA**

12                                      **CASE NO.: 15 cv 1899-CAB-MDD**

13                                      **FIRST AMENDED COMPLAINT**

14                                      1. Failure To Pay Minimum Wages
                                           (FLSA 29 U.S.C. Section 206)
15                                      2. Failure To Pay Overtime Wages
                                           (FLSA, 29 U.S.C. Section 207)
16  D'ANGELO FERERRI, individually     3. Failure To Pay All Owed wages
    and on behalf of all others similarly    (Cal. Labor Code)
17  situated,                          4. Failure To Provide Overtime
                                           Compensation (Cal. Labor Code)
18        Plaintiff,                   5. Failure to Reimburse Busniess
                                           Expenses (Cal. Labor Code §
19        v.                              2802)
                                        6. Unlawful Deductions From
20  BASK TECHNOLOGY, INC.                 Employee Pay (Cal. Labor Code
    (formerly named iTOK, INC.), a        §§ 221, 224)
21  corporation; and FIELD NATION,     7. Failure To Furnish Timely And
    LLC, a limited liability company,     Accurate Wage Statements
22                                         (Cal. Labor Code §226)
          Defendants.                  8. Failure to Pay Final Wages
23                                         (Cal. Labor Code §§ 201, 202)
                                        9. Unlawful Business Practices
24                                         (Cal. Business and Professions
                                           Code §17200 *et seq.*)
25                                      10. Unlawful Business Practices (Cal
                                           Bus. & Prof Code §17200 *et seq.*)
26

27                                      **[DEMAND FOR JURY TRIAL]**

28
          Plaintiff, D'Angelo Ferreri ("Ferreri"), brings this class action complaint

against Defendants Bask Technology, Inc. (formerly named iTOK, Inc.) ("Bask") and Field Nation, LLC ("Field Nation") based upon information, belief, and personal knowledge, as follows:

**I.**

**NATURE OF ACTION**

1.     Ferreri brings this class action, individually and on behalf of a class of similarly situated employees, to seek redress for Bask's scheme of misclassifying its remote Technology Advisors ("RTAs") as independent contractors, resulting in a systematic and class-wide failure to pay for training hours, minimum wages and overtime pay.

2.     Because Bask illegally classified their RTAs as independent contractors when they were actually employees, Bask willfully violated numerous federal and state laws including, the Federal Fair Labor Standards Act ("FLSA"), the California Labor Code, and other applicable regulations by failing to pay 1) overtime at not less than one and one-half (1½) times the basic minimum hourly rate for all hours worked in excess of eight hours a day or forty hours in a workweek, 2) all wages due for the work performed, and 3) minimum wages. Bask also failed to provide Ferreri and the class with accurate paystubs.

3.     Bask also used third party companies, like Field Nation, to pay RTAs. Bask allowed Field Nation to deduct service and insurance fees from the RTAs' wages.  Those fees are business expenses that should be paid by Bask.  RTAs are entitled to reimbursement for any service fees deducted from their wages. Alternatively, Bask, through its agent Field Nation, unlawfully deducted fees from RTAs wages, which resulted in Field Nation being unjustly enriched from the deductions.

4.     Thus, Ferreri seeks class-wide unpaid wages, actual, incidental, consequential and compensatory damages, pre-and post-judgment interest, restitution, attorneys' fees, and costs. To prevent recurrence of this conduct, Ferreri

1  also seeks injunctive relief on behalf of himself and the classes.

2

3

4                                      **II.**

5                    **JURISDICTION AND VENUE**

6          **5.**     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1332(d),

7   1453, and 1711-1715, the Class Action Fairness Act of 2005, because the amount

8   in controversy exceeds $5 million and because minimum diversity is met since at

9   least one party (Ferreri) is diverse from Defendants. Ferreri is a California resident.

10  Bask is a Utah corporation that hires employees and conducts business throughout

11  United States. Field Nation is a Minnesota limited liability company that hires

12  employees and conducts business throughout United States.

13         **6.**     This Court has subject matter jurisdiction under 28 U.S.C. § 1331

14  (federal question) over Ferreri's FLSA claim.

15         **7.**     This Court also has supplemental jurisdiction over Ferreri's state-law

16  claims pursuant to 28 U.S.C. § 1367.

17         **8.**     Venue in this Court is proper because Defendants regularly conduct

18  business and/or employ employees throughout the country, including southern

19  California where Ferreri's claims arose.

20                                     **III.**

21                                   **PARTIES**

22         **9.**     Ferreri is an individual residing in San Diego, California who

23  performed valuable services for Bask in San Diego County as a Technology

24  Advisor.

25         **10.**    Defendant Bask is corporation doing business and employing

26  individuals throughout the United States. Bask provides technical support for

27  computers and other electronic devices by use of RTAs. Bask formerly operated

28  under the name iTOK, Inc., but within a few weeks after Ferreri filed this case,

iTOK, Inc. changed its name to Bask. Bask's alleged acts were authorized, directed or accomplished by its agents, officers, employees or representatives, while actively engaged in the operation and management of its business.

11.     Defendant Field Nation is limited liability company doing business and employing individuals throughout the United States. Field Nation typically acts as broker supplying technologically savvy individuals to companies that have a need for technical services. In this case, Field Nation essentially operated as a payroll agent for Bask while it still operated under the name iTOK. Field Nation's alleged acts were authorized, directed or accomplished by its agents, officers, employees or representatives, while actively engaged in the operation and management of its business.

12.     Ferreri alleges on information and belief that the named defendants were: (1) acting as express agents, implied agents, ostensible agents, servants, partners, and/or employees of each other; (2) acting within the scope of and pursuant to such agency and employment, and with the full knowledge, consent, permission, approval and ratification, either express or implied, of each of the other defendants and benefited from the actions of every other defendant, thereby adopting such conduct and actions as their own; (3) acting as each other's alter egos; and (4) aiding and abetting and offering substantial assistance to each other in the commission of the alleged wrongful acts.

## IV.

## FACTUAL BACKGROUND

13.     Bask created a system to avoid the employer/employee relationship with Ferreri and all other RTAs.  Around September 2013, Ferreri contacted Bask for a position as a RTA.   After speaking with Ferreri and reviewing his qualifications, Bask informed Ferreri that he could work for the company but that he had to go through Field Nation because Field Nation supplied Bask with RTAs. Bask required Ferreri to create a profile with Field Nation and submit to Field

FIRST AMENDED COMPLAINT

Nation's terms of service. Bask explained that Field Nation's RTAs were classified as independent contractors.

14.     Ferreri complied with Bask's requirement and registered with Field Nation.  Thereafter, Bask hired Ferreri.  On March 6, 2014, Bask required Ferreri to attend a mandatory 6 to 8-hour training session without compensation and around April 2014 Ferreri started working as a RTA.  As a RTA, Ferreri provided remote assistance to Bask's customers with technical and maintenance issues.

15.     Bask exerted significant control over RTAs.  For example, Bask required Ferreri and other RTAs to adhere to a restrictive set of policies, which include:

      **a.**     A required work week of thirty hours or more;

      **b.**     Set work schedules (Ferreri's was 3:00 P.M. to 9:00 P.M. Monday through Friday);

      **c.**     Following Bask's procedures and methodologies when undertaking a tasks;

      **d.**     Ensuring his equipment conformed with Bask's standards;

      **e.**     Performance audits; and

      **f.**     Termination at any time.

16.     Bask required RTAs to be logged in to their computers waiting for customers to call for technical support during their assigned shifts.  The customer calls are referred to as "tickets."  Bask compensated Ferreri and other RTAs based on the number of tickets per shift. Bask paid $18 per ticket regardless of the amount of time it took to complete a task.  Some tickets took more than four hours to complete.  Ferreri often only had 2-3 tickets per shift and as a result not paid at least minimum wage. Ferreri often worked more than eight hours per day and forty hours per week but as a result of Bask's compensation model, was not compensated for any overtime or at least minimum wage for every hour worked.

17.     Instead of paying Ferreri and RTAs directly, Bask contracts with

individuals or groups of people, or companies, which it referred to as "pods." Bask would hire RTAs and then have the RTAs sign up with pods. The pods merely functioned as payroll agents. Bask would pay RTAs through the pods. Bask would give to pods, on a bi-weekly basis, all compensation owed to RTAs. The pods in turn would pay the RTAs on a 1099 basis after deducting service and insurance fees. Bask used pods to circumvent the employment relationship, justify classifying RTAs as independent contractors, avoid payroll taxes, and avoid all other obligations owed to employees. Field Nation was a pod that paid approximately 60 RTAs on Bask's behalf.

**18.** Bask paid Ferreri through Field Nation. Bask paid all amounts owed to Ferreri to Field Nation, who in turn paid Ferreri after deducting fees. Based on Bask's arrangement with Field Nation, Field Nation deducted 10% from any money earned that was less than one thousand dollars and 8% from any amount earned over one thousand dollars from Ferreri and other RTAs' pay before issuing payment. Around March 2015, Field Nation also started deducting an "insurance charge" from RTAs' paychecks. Field Nation compensated RTAs on a 1099 basis and provided limited information on their paystubs.

**19.** Bask misclassified RTAs as independent contractors. First, Bask heavily controlled and directed the RTAs. For example, Bask required RTAs to attend mandatory training. It also dictated RTAs' work hours, work schedules, and payment structure. It also directed the manner in which RTAs performed their work and closely monitored work performance. It also held out RTAs to customers as Bask employees. Second, RTAs provided an integral part of Bask's business — providing remote technical services to Bask's customers. Third, RTAs' managerial skills had no impact on their opportunity for profit or loss because they ability to earn more money was based solely on their ability to complete more tickets during their assigned shifts. Fourth, RTAs' investment in the business was minimal compared to Bask's investment. RTAs just needed to

invest in a computer; whereas Bask needed to invest in proprietary applications, software, databases, materials, and call tracking systems to run its operations. Fifth, RTAs did not exercise any managerial or business skills on the job. They only provided skilled labor. And sixth, Bask did not hire RTAs on a temporary basis, but on an indefinite, at-will basis.

20. On May 19, 2015 Bask sent Ferreri a notice telling him that his services were no longer required. He did not receive his final pay until June 1, 2015.

## V.

## CLASS ALLEGATIONS

21. **Classes:** This lawsuit is brought on behalf of ascertainable classes and subclass consisting of the following:

### a. FLSA Class

All persons who worked for Bask Technology, Inc. (formerly named iTOK, Inc.) as a Technical Advisor, Technical Support Representative, Support Technician, or in any other similar position that provided remote technical services and were compensated as an independent contractor at any time since August 28, 2012.

### b. California Class

All persons who worked in California for Bask Technology, Inc. (formerly named iTOK, Inc.) as a Technical Advisor, Technical Support Representative, Support Technician, or in any other similar position that provided remote technical services and were compensated as an independent contractor at any time since August 28, 2011.

### c. California Subclass

All persons who worked for Bask Technology, Inc. (formerly

named iTOK, Inc.) through Field Nation as a Technical Advisor, Technical Support Representative, Support Technician, or in any other similar position that provided remote technical services and were compensated as an independent contractor at any time since August 28, 2011.

22. **Numerosity**: The classes are so numerous that joinder of all members is impracticable. Although the precise number is unknown, and the facts are presently within Defendants' sole knowledge, at least a few hundred RTAs worked for Bask and approximately 60 RTAs worked through Field Nation as of the date this Complaint was filed, making the class sufficiently numerous to warrant certification.

23. **Commonality**: There are questions of law or fact common to the classes that predominate over any questions affecting individual members. Those questions include but are not limited to the following:

**a.** whether Bask misclassified Ferreri and the classes as independent contractors under FLSA and California law;

**b.** whether Ferreri and the classes are non-exempt employees under FLSA and California Labor Code;

**c.** whether Bask is required to compensate Ferreri and the classes for training hours and all other work-related hours under FLSA and California law;

**d.** whether Bask is required to compensate Ferreri and the classes minimum wages and overtime under FLSA and California, law;

**e.** whether Bask kept true and accurate time records for all hours worked by Ferreri and the California Class;

**f.** whether Bask violated the California Labor Code and the FLSA by failing to pay Ferreri and the classes all wages, including overtime wages, in the proper pay period;

FIRST AMENDED COMPLAINT

**g.** whether Bask and Field Nation made unlawful deductions from Ferreri and the classes' pay;

**h.** whether Bask should be enjoined from continuing the alleged wrongful practices in violation of California law.

24. **Typicality**: Ferreri's claims are typical of the classes' claims because they are all current or former RTAs of Bask who sustained damages, including underpayment of wages, as a result of Bask's common compensation policies and practices and Field Nation common deduction policies and practices. The defenses that likely will be asserted by Defendants against Ferreri are typical of the defenses that Defendants will assert against the classes.

25. **Adequacy**: Ferreri will fairly and adequately protect the classes' interests because he has no conflicts with the classes' interests and has retained counsel experienced in pursuing complex and class action litigation who will adequately and vigorously represent the classes' interests.

26. **Superiority**: Class action treatment is superior to other available methods because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. Absent a class action, there likely will be no lawsuits to recover the unpaid wages due to Ferreri and the classes because the amounts due and owing to each member are too small to warrant filing individual lawsuits and because members would otherwise be reluctant to file an individual lawsuit, fearing retaliation. This would allow Defendants to retain the benefit of its wrongdoing and continue its conduct.

27. Plus, the prosecution of separate actions by individual class members would create the risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants.

FIRST AMENDED COMPLAINT

28.     No difficulties will likely to be encountered in the managing this case as a class action, particularly since the classes are readily identifiable from records that Defendants are legally required to maintain.

## VI.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### Failure To Pay Minimum Wages Under FLSA

### (By The FLSA Class Against Bask)

29.     Ferreri re-alleges and incorporates all preceding paragraphs.

30.     Ferreri and the FLSA class were non-exempt employees of Bask covered by the Title 29 U.S.C. § 203(e)(1) of the FLSA, which states that an employee "means any individual employed by an employer," and that an employer "includes any person acting directly or indirectly in the interest of an employer in relation to an employee."

31.     Under Title 29 U.S.C. § 206, Ferreri and the FLSA Class are entitled to receive at least a minimum wage for all hours worked. Under Title 29 U.S.C. § 203(g), "hours worked" includes all hours employees are suffered or permitted to work.

32.     Bask had a policy of misclassifying Ferreri and the FLSA Class as independent contractors and thus willfully failing to pay their minimum wages for all hours worked in violation of Title 29 U.S.C. § 206.  Ferreri and the FLSA Class worked without compensation.  Their unpaid hours included the time spent in mandatory training sessions as well as the performance their general job duties.

33.     Additionally, an employee's wages must be paid unconditionally or free and clear.  FLSA's minimum wage requirement is violated if an employee is required to pay back a portion of the wages, either directly or indirectly, and the kick-back puts the employee's final, free and clear wages below the minimum wage.  Bask failed to pay the FLSA Class at least minimum wage because Bask

allowed its agents to deduct service fees from the FLSA Class' wages, thereby reducing their earned wages to below the minimum wage.

**34.** As a result, Ferreri and the FLSA Class suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours actually worked.

**35.** Ferreri seeks class-wide compensation for Bask's unlawful conduct and will take the appropriate steps to notify and join the FLSA Class under 29 U.S.C. § 216(b) via written joinder consents.

**36.** Under Title 29 U.S.C. §§ 206 and 216(b), Ferreri and the FLSA Class are entitled to recover the full amount of unpaid minimum wages, liquidated damages, interest thereon, reasonable attorney's fees and costs of suit.

## SECOND CLAIM FOR RELIEF
### Failure To Pay Overtime Wages Under FLSA
### (By The FLSA Class Against Bask)

**37.** Ferreri re-alleges and incorporates all preceding paragraphs.

**38.** Under Title 29 U.S.C. § 207, Ferreri and the FLSA Class were entitled to receive overtime at a rate of 1.5 times their regular rate for any hours worked in excess of 40 hours in a week. During their employment for Bask, Ferreri and the FLSA class worked over 40 hours in a week.

**39.** Bask had a policy and practice of willfully not paying Ferreri and FLSA Class overtime wages for overtime hours worked. Ferreri and the FLSA Class worked overtime without compensation.  Their unpaid overtime work included the time spent in mandatory training sessions, as well as in the discharge of their regular work duties.

**40.** As a result, Ferreri and FLSA Class suffered damages in an amount, subject to proof, to the extent they were not paid a proper overtime rate for all hours they worked over 40 hours in a week.

41.     Ferreri seeks class-wide compensation for Bask's unlawful conduct and will take the appropriate steps to notify and join the FLSA Class under 29 U.S.C. § 216(b) via written joinder consents.

42.     Under Title 29 U.S.C. §§ 207 and 216(b), Ferreri is entitled to recover the full amount of unpaid overtime wages, interest thereon, liquidated damages, reasonable attorney's fees and costs of suit.

## THIRD CLAIM FOR RELIEF

### Failure to Pay All Hourly Wages Owed

### (By The California Class Against Bask)

43.     Ferreri re-alleges and incorporates all preceding paragraphs.

44.     Bask had a policy and practice of not compensating employees for all hours worked even though Bask was obligated to pay them from the moment they were on-duty until they were relieved of all duties.  Bask failed to do this and engaged in practices that resulted in the employees not receiving full compensation for all hours worked.

45.     Wages are due to employees for "all hours worked" under IWC Order 4-2001 ¶ 4(a) and applicable California laws, rules, orders, requirements, and regulations.  Bask, however, concocted a scheme to avoid paying employees for all wages earned and all hours worked.

46.     Wages are due to employees for "all hours worked" under IWC Order 4-2001 ¶4(a) and applicable California laws, rules, orders, requirements, and regulations.  Ferreri and the California Class are entitled to compensation for the hours deducted from their time records during the class period, and thus request recovery of wages according to proof plus penalties, interest, attorney's fees and costs pursuant to sections 218.5, 510, and 1194 of the California Labor Code, IWC Order No. 4-2001, or any other California statutory, regulatory, or common law authority, as well as the assessment of any other statutory penalties against Bask, in a sum as provided by the California Labor Code and other applicable California

statutes and regulations.

## FOURTH CLAIM FOR RELIEF

### Failure to Pay Overtime Compensation

### (CA Labor Code §§ 510, 1194)

### (By The California Class Against Bask)

**47.**     Ferreri re-alleges and incorporates all preceding paragraphs.

**48.**     Pursuant to Section 1194 of the California Labor Code, Ferreri may bring a civil action for overtime wages directly against the employer on behalf of himself and the class without first filing a claim with the Division of Labor Standards Enforcement.  Further, such private actions have the support and approval of the Division of Labor Standards Enforcement.

**49.**     Pursuant to Sections 510 and 1194 of the California Labor Code, among other applicable sections, it is unlawful to fail to provide overtime compensations to employees. During and throughout the course of Ferreri's employment, he and the class were compelled to work in excess of eight hours per workday, in excess of forty hours per workweek, and/or on the seventh day of the workweek.

**50.**     On each and every occasion in which Ferreri and the class were compelled to work in excess of eight hours per workday, in excess of forty hours per workweek, and/or for the first eight hours on the seventh day of the workweek, Bask, and each of them, failed and refused to compensate Ferreri and the class at the rate of no less than one and one-half times the regular rate of pay.

**51.**     Under the provisions of California's Labor Code and the applicable Wage Orders issued by the Industrial Welfare Commission of California, Ferreri and the class should have received overtime wages in a sum according to proof for the hours worked.

**52.**     Ferreri requests recovery of overtime compensation according to proof, plus penalties, interest, attorney's fees and costs pursuant to Sections 218.5,

226, 510, 558, 1194, and 1197.1 of the California Labor Code, the relevant California Industrial Welfare Commission Wage Orders, or any other statutory, regulatory, or common law authority, as well as the assessment of any other statutory penalties against Bask, in a sum as provided by the California Labor Code and other applicable California statutes and regulations.

53.   Ferreri and the class have been deprived of their rightfully earned overtime compensation as a direct and proximate result of Bask's failure and refusal to pay said compensation. Ferreri is entitled to recover the unpaid balance of the full amount of the overtime premiums owing, including interest thereon, penalties, reasonable attorney's fees and costs of suit according to the mandate of the California Labor Code.

## FIFTH CLAIM FOR RELIEF

### Failure to Reimburse Business Expenses

### (CA Labor Code § 2804)

### (By The California Class Against Bask)

54.   Ferreri incorporates every preceding paragraph as if fully set forth herein.

55.   Bask requires RTAs to pay for fees that pods, like Field Nation, deducted from their wages. Bask does not compensate or reimburse RTAs for these fees. Those fees are Bask's own business expenses. The service fee charged by pods is akin to fees charged by a payroll company for processing payroll. Those fees are the employer's responsibility.

56.   Under Labor Code § 2802, Ferreri and the California Class are entitled to recover all expenses incurred in the performance of their job duties, plus interest, reasonable attorneys' fees and costs of suit.

## SIXTH CLAIM FOR RELIEF

### Unlawful Deductions From Employee Pay

### (CA Labor Code §§ 221, 224)

**(By the California Class Against Bask)**

57.    Ferreri re-alleges and incorporates all preceding paragraphs.

58.    Under California Labor Code Section 221, "[i]t shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

59.    As specified above, Bask through its agent pods, like Field Nation, wrongfully deducted its own business expenses from Ferreri and the California Class wages.

60.    Ferreri and the California Class are entitled to recover the amounts wrongfully withheld plus interest thereon.

61.    Ferreri and the California Class are entitled to compensation for the remuneration deducted from their wages during the class period, and thus request recovery of wages according to proof plus penalties, interest, attorney's fees and costs.

## SEVENTH CLAIM FOR RELIEF

**Failure to Furnish Timely And Accurate Wage Statements**

**(California Labor Code §226)**

**(By The California Class Against Bask)**

62.    Ferreri re-alleges and incorporates all preceding paragraphs.

63.    California Labor Code § 226(a) requires employers semi-monthly, or at the time of each payment of wages, to furnish each employee with a statement itemizing with the applicable pay rate, the total hours worked by the employee or other basis upon which compensation is determined.  California Labor Code § 226(e) provides that if an employer knowingly and intentionally fails to provide such a statement, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4000).

64.    Bask failed to comply with California Labor Code § 226(a) because,

among other things, it failed to pay employees for all hours worked.

65. Bask through its agent pods, including Field Nation, knowingly and intentionally failed to furnish and continue to knowingly and intentionally fail to furnish Ferreri and the class with accurate itemized statements, as required by California Labor Code § 226(a). As a result, Bask is liable to Ferreri and the California class for the amounts provided by California Labor Code § 226 in addition to attorney's fees, interest and costs of suit.

## EIGHTH CLAIM FOR RELIEF

### Failure To Pay Final Wages

### (California Labor Code §§ 201 and 202)

### (By The California Class Against Bask)

66. Ferreri re-alleges and incorporates all preceding paragraphs.

67. As described above, Bask failed to timely pay Ferreri and the California Class all wages owed for work performed; and this failure continued through the time in which Ferreri and the California Class quit or were discharged from their employment with Bask. As a result, Bask violated California Labor Code §§ 201 and 202.

68. Bask willfully failed to pay all wages owed, and this failure was not inadvertent or accidental. As such, Ferreri and the California Class are entitled to 30 days wages, which is calculated under California case law as 30 working days including overtime.

69. Ferreri and the California Class are entitled to compensation for all forms of wages earned, including, but not limited to, compensation for and compensation for work done off the clock and/or at hourly rates below the minimum wage. To date, such compensation has not been received, thus entitling employees to Labor Code § 203 penalties.

70. More than 30 days have past since affected California members have left Bask. On information and belief, these members have not received payment

under Labor Code § 203. As a consequence of Bask's willful conduct in not paying all earned wages to Ferreri and the California Class who are no longer employed, they entitled to 30 days' wages as a penalty under Labor Code § 203 for failure to pay legal wages, together with interest thereon, and attorneys' fees and costs.

### NINTH CLAIM FOR RELIEF

**Unlawful Business Practices**

**(California Business and Professions Code §17200 *et seq.*)**

**(By The California Class Against Bask)**

**71.**    Ferreri re-alleges and incorporates all preceding paragraphs.

**72.**    The Bask's alleged acts, omissions, and practices constitute unlawful and unfair business acts and practices within the meaning of Section 17200, *et seq.* of the California Business & Professions Code.

**73.**    Bask engaged in "unlawful" business acts and practices based on the policies and practices described above, including, among other things, its: failure to compensate for all hour worked, failure to compensate for overtime, failure to reimbursed business expenses that were wrongfully deducted from wages, and failure to provide accurate wage statements.

**74.**    Bask also engaged in "unfair" business acts or practices in that the harm caused by its nonpayment of wages and non-reimbursement of business expenses. That conduct offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, causes substantial injury to Ferreri and the California Class, and provides Bask with an unfair competitive advantage over those employers that abide by the law and properly compensate their employees in accordance with the law.

**75.**    Ferreri reserves the right to allege other violations of California law that constitute unlawful acts or practices.

**76.**    As a result of the conduct described above, Bask has been and will be unjustly enriched at the expense of Ferreri and the California Class.  Specifically,

Bask has been unjustly enriched by the retention of wages earned and wrongfully withheld from Ferreri and the California Class.

77.    Bask failed to acknowledge the wrongful nature of their actions. Bask has not corrected its policies and practices or provided full restitution and disgorgement of all ill-gotten monies, thereby depriving Ferreri and the California Class the minimum working conditions and standards due them under California Labor Laws and IWC Wage Orders.

78.    Pursuant to the Section 17203 of the California Business & Professions Code, Ferreri and the California Class seek a court order requiring Bask and its agents to disgorge all ill-gotten gains and awarding Ferreri and the California Class full restitution of all monies wrongfully acquired by Bask by means of such "unlawful" and "unfair" conduct, plus interest and attorney's fees under Section 1021.5 of the Code of Civil Procedure, so as to restore any and all monies to Ferreri and the California Class and the general public which were acquired and obtained by means of such "unlawful" and "unfair" conduct, and which ill-gotten gains are still retained by Bask. Ferreri and the California Class additionally request that the Court impound the funds or impose an asset freeze or constructive trust upon the funds. Ferreri and the California Class may be irreparably harmed and/or denied and effective and complete remedy if such an order is not granted.

79.    Pursuant to Section 17203 of the California Business & Professions Code, Ferreri and the California Class seek an order of this Court for equitable and/or injunctive relief in the form of requiring Bask to keep accurate records of time worked, ensure the payment of earned wages and protect against unlawful wage deductions and non-reimbursed business expenses.

## TENTH CLAIM FOR RELIEF

### Unlawful Business Practices

### (California Business and Professions Code §17200 *et seq.*)

**(By The California Subclass Against Field Nation)**

**80.**    Ferreri re-alleges and incorporates all preceding paragraphs.

**81.**    The acts, omissions, and practices of Field Nation as alleged herein constitute unlawful and unfair business acts and practices within the meaning of Section 17200, *et seq.* of the California Business & Professions Code.

**82.**    Throughout the class period, Field Nation, as Bask's agent, engaged in "unlawful" business acts and practices based on the policies and practices of deducting fees from wages earned by RTAs.

**83.**    Throughout the class period, Field Nation, as Bask's agent, also engaged in "unfair" business acts or practices in that the harm caused by deduction of fees from RTAs' wages. That conduct offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, causes substantial injury to Ferreri and the class, and provides Field Nation, along with Bask, with an unfair competitive advantage over those businesses that abide by the law.

**84.**    Ferreri reserves the right to allege other violations of California law that constitute unlawful acts or practices.

**85.**    As a result of the conduct described above, Field Nation has been and will be unjustly enriched at the expense of Ferreri and the California Subclass by the retention of wages earned and wrongfully withheld.

**86.**    Field Nation failed to acknowledge the wrongful nature of its actions and has not provided full restitution and disgorgement of all ill-gotten monies, thereby depriving Ferreri and the California Subclass the wages and standards due them under California Laws.

**87.**    Pursuant to the Section 17203 of the California Business & Professions Code, Ferreri and the California Subclass seek a court order requiring Field Nation to disgorge all ill-gotten gains and awarding Ferreri and the California Subclass full restitution of all monies wrongfully acquired by the unlawful and unfair conduct, plus interest and attorney's fees under Section 1021.5 of the Code

of Civil Procedure, so as to restore any and all monies to Ferreri and the California Subclass. Ferreri and the California Subclass additionally request that the Court impound the funds or impose an asset freeze or constructive trust upon the funds. Ferreri and the California Subclass may be irreparably harmed and/or denied and effective and complete remedy if such an order is not granted.

## VII.

## **PRAYER FOR RELIEF**

88. WHEREFORE, Ferreri and the classes request the following relief:

    **a.** An order certifying the classes and designating Ferreri as the Class representative and his counsel as Class counsel;

    **b.** That the Court preliminarily and permanently enjoin Defendants from engaging in the conduct alleged herein;

    **c.** Other injunctive and declaratory relief as may be appropriate;

    **d.** Restitution and disgorgement of any ill-gotten profits from Defendants to the extent permitted by applicable law, together with interest thereon from the date of payment;

    **e.** For liquidated damages according to proof;

    **f.** For statutory damages according to proof;

    **g.** For general damages according to proof;

    **h.** For special damages according to proof;

    **i.** For exemplary or punitive damages;

    **j.** A declaration that Defendants are financially responsible for notifying the classes about the pendency of this action;

    **k.** Reasonable costs and attorneys' fees;

    **l.** Statutory pre-judgment interest; and

    **m.** For such other relief as the Court may deem proper.

## VIII.

## **DEMAND FOR JURY TRIAL**

FIRST AMENDED COMPLAINT

1    **89.**    Ferreri on behalf of himself and the classes demands a jury trial.

2    Dated:  February 22, 2016          AMARTIN LAW, PC
                                        SAN DIEGO COUNTY LAW OFFICES
3

4                                       By: /s/ *Alisa A. Martin*

5                                       Alisa A. Martin
                                        Attorneys for the Plaintiff and the Class
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT