DEBRA ELLWOOD MEPPEN (SBN: 183885)
ANTHONY J. BELLONE (SBN: 119450)
LINH T. HUA (SBN 247419)
GORDON & REES LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Defendant
FIELD NATION LLC

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

# IN THE UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERERRI D'ANGELO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ITOK, INC., a corporation; and FIELD NATION, LLC, a limited liability company<br><br>Defendants. | **Case No. 15cv1899-CAB-MDD**<br><br>Hon. Cathy Ann Bencivengo<br><br>**ANSWER TO SECOND AMENDED COMPLAINT** |

Defendant FIELD NATION, LLC. ("Defendant" or "Field Nation") hereby answers the Second Amended Complaint of Plaintiff, Fererri D'Angelo, individually, on behalf of others similarly situated, and on behalf of the general public, filed on March 16, 2016, as follows:

Each allegation in the Second Amended Complaint is denied except to the extent any allegations are expressly admitted. Each numbered paragraph in this answer responds to the corresponding numbered paragraphs in the Second Amended Complaint.

## ALLEGATIONS REGARDING THE NATURE OF ACTION

1.     Paragraph 1 contains Plaintiff's characterization of the action and not allegations of fact for which an answer is necessary.  To the extent an answer is required to paragraph 1, Defendant denies the statements in paragraph 1.

2.     Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

3.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

4.     Paragraph 4 contains Plaintiff's characterization of the action and not allegations of fact for which an answer is necessary.  To the extent an answer is required to paragraph 4, Defendant denies the statements in paragraph 4.

## ALLEGATIONS RELATED TO JURISDICTION AND VENUE

5.     Defendant admits that this Court has federal Question subject matter jurisdiction over the FLSA claims and that D'Angelo was a California resident while Field Nation is a limited liability corporation located in Minnesota. Defendant is without sufficient information or knowledge to either admit or deny the remaining allegations in paragraph 4 and on that basis denies the same.

6.     Admit.

7.     Admit.

8.     Admit.

## PARTIES

9.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

10.    Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this

ANSWER TO SECOND AMENDED COMPLAINT

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

paragraph and therefore denies them.

11. Defendant Field Nation is a limited liability company located in the state of Minnesota that does business in the United States. Except as specifically admitted herein, Defendant lacks sufficient information or belief, or understanding of the vague allegations, to either admit or deny the remaining allegations of paragraph 11 and on that basis denies the same.

12. Deny.

## FACTUAL BACKGROUND

13. Defendant Field Nation is unable to admit or deny these allegations as they refer to alleged communications between Plaintiff and Defendant Bask Technology, Inc. ("Bask"), and not communications with Defendant Field Nation, as a result, Defendant Field Nation denies the allegations contained in paragraph 13 of the Second Amended Complaint.

14. Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

15. Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

16. Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

17. Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

18. Defendant Field Nation admits it issued money to Plaintiff received from Defendant Bask and provided Plaintiff with a 1099. Defendant Field Nation is without sufficient knowledge or information sufficient to form a belief as to the

ANSWER TO SECOND AMENDED COMPLAINT

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

truth of each and every remaining allegation contained in this paragraph and therefore denies them.

19.    Defendant Field Nation admits that it supplied Plaintiff with a 1099. Except as admitted herein, Defendant lacks sufficient information or belief to either admit or deny the remaining allegations and on that basis denies the same.

20.    Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

<strong><u>CLASS ALLEGATIONS</u></strong>

21.    Paragraph 21 contains Plaintiff's characterization of his action and not allegations of fact for which an answer is necessary.  To the extent an answer is required to paragraph 21, Defendant denies that class or collective treatment of this matter is appropriate, and is without knowledge or information sufficient to either admit or deny the remaining allegations and on that basis denies the same.

22.    Deny.

23.    Deny.

24.    Deny.

25.    Deny.

26.    Deny.

27.    Deny.

28.    Deny.

<strong><u>CLAIMS FOR RELIEF</u></strong>

<strong><u>FIRST CLAIM FOR RELIEF</u></strong>

29.    Defendant incorporates by reference its responses to the allegations in the preceding paragraphs to the same extent the Second Amended Complaint incorporates by reference its allegations in the preceding paragraphs of the Second Amended Complaint.

30.    Defendant is without sufficient knowledge or information sufficient to

**Gordon & Rees LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

<strong>ANSWER TO SECOND AMENDED COMPLAINT</strong>

form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

31.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

32.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

33.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

34.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

35.     Paragraph 35 contains Plaintiff's characterization of his action and not allegations of fact for which an answer is necessary.  To the extent an answer is required to paragraph 35, Defendant denies each and every allegation contained in this paragraph.

36.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

## SECOND CLAIM FOR RELIEF

37.     Defendant incorporates by reference its responses to the allegations in the preceding paragraphs to the same extent the Second Amended Complaint incorporates by reference its allegations in the preceding paragraphs of the Second Amended Complaint.

38.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

**ANSWER TO SECOND AMENDED COMPLAINT**

paragraph and therefore denies them.

39.   Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

40.   Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

41.   Paragraph 41 contains Plaintiff's characterization of his action and not allegations of fact for which an answer is necessary.  To the extent an answer is required to paragraph 41, Defendant denies the allegations.

42.   Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

## **THIRD CLAIM FOR RELIEF**

43.   Defendant incorporates by reference its responses to the allegations in the preceding paragraphs to the same extent the Second Amended Complaint incorporates by reference its allegations in the preceding paragraphs of the Second Amended Complaint.

44.   Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

45.   Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

46.   Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

**Gordon & Rees LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

**ANSWER TO SECOND AMENDED COMPLAINT**

**Gordon & Rees LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

## FOURTH CLAIM FOR RELIEF

47.    Defendant incorporates by reference its responses to the allegations in the preceding paragraphs to the same extent the Second Amended Complaint incorporates by reference its allegations in the preceding paragraphs of the Second Amended Complaint.

48.    Paragraph 48 contains Plaintiff's characterization of his action or legal conclusions and not allegations of fact for which an answer is necessary.  To the extent an answer is required to paragraph 48, Defendant denies the allegations.

49.    Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

50.    Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

51.    Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

52.    Paragraph 51 contains Plaintiff's characterization of his action or legal conclusions and not allegations of fact for which an answer is necessary.  To the extent an answer is required to paragraph 51, Defendant denies the allegations.

53.    Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

## FIFTH CLAIM FOR RELIEF

54.    Defendant incorporates by reference its responses to the allegations in the preceding paragraphs to the same extent the Second Amended Complaint incorporates by reference its allegations in the preceding paragraphs of the Second Amended Complaint.

**ANSWER TO SECOND AMENDED COMPLAINT**

55.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

56.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

## SIXTH CLAIM FOR RELIEF

57.     Defendant incorporates by reference its responses to the allegations in the preceding paragraphs to the same extent the Second Amended Complaint incorporates by reference its allegations in the preceding paragraphs of the Second Amended Complaint.

58.     Paragraph 58 contains a restatement of California Labor Code Section 221.  To the extent an answer is required to paragraph 58, Defendant denies the allegations.

59.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

60.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

61.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

## SEVENTH CLAIM FOR RELIEF

62.     Defendant incorporates by reference its responses to the allegations in the preceding paragraphs to the same extent the Second Amended Complaint incorporates by reference its allegations in the preceding paragraphs of the Second Amended Complaint.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

63.     Paragraph 63 contains a restatement of California Labor Code Section 226.  To the extent an answer is required to paragraph 63, Defendant denies the allegations.

64.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

65.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

## EIGHTH CLAIM FOR RELIEF

67.     Defendant incorporates by reference its responses to the allegations in the preceding paragraphs to the same extent the Second Amended Complaint incorporates by reference its allegations in the preceding paragraphs of the Second Amended Complaint.

68.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

69.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

70.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

## NINTH CLAIM FOR RELIEF

71.     Defendant incorporates by reference its responses to the allegations in the preceding paragraphs to the same extent the Second Amended Complaint incorporates by reference its allegations in the preceding paragraphs of the Second Amended Complaint.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

**ANSWER TO SECOND AMENDED COMPLAINT**

72.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

73.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

74.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

75.     Paragraph 75 contains Plaintiff's characterization of his action or legal conclusions and not allegations of fact for which an answer is necessary.  To the extent an answer is required to paragraph 75, Defendant denies the allegations

76.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them

77.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

78.     Paragraph 78 contains Plaintiff's characterization of his action or legal conclusions and not allegations of fact for which an answer is necessary.  To the extent an answer is required to paragraph 78, Defendant denies the allegations.

79.     Paragraph 79 contains Plaintiff's characterization of his action or legal conclusions and not allegations of fact for which an answer is necessary.  To the extent an answer is required to paragraph 79, Defendant denies the allegations.

## TENTH CLAIM FOR RELIEF

80.     Defendant incorporates by reference its responses to the allegations in the preceding paragraphs to the same extent the Second Amended Complaint incorporates by reference its allegations in the preceding paragraphs of the Second

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

**ANSWER TO SECOND AMENDED COMPLAINT**

Amended Complaint.

81.    Deny.

82.    Deny.

83.    Deny.

84.    Paragraph 84 contains Plaintiff's characterization of his action or legal conclusions and not allegations of fact for which an answer is necessary.  To the extent an answer is required to paragraph 84, Defendant denies the allegations.

85.    Deny.

86.    Deny.

87.    Paragraph 87 contains Plaintiff's characterization of his action or legal conclusions and not allegations of fact for which an answer is necessary.  To the extent an answer is required to paragraph 87, Defendant denies the allegations.

## ELEVENTH CLAIM FOR RELIEF

88.    Defendant incorporates by reference its responses to the allegations in the preceding paragraphs to the same extent the Second Amended Complaint incorporates by reference its allegations in the preceding paragraphs of the Second Amended Complaint.

89.    Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

90.    Paragraph 90 contains Plaintiff's characterization of his action or legal conclusions and not allegations of fact for which an answer is necessary.  To the extent an answer is required to paragraph 90, Defendant denies the allegations.

91.    Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in this paragraph and therefore denies them.

92.    Paragraph 92 contains Plaintiff's characterization of his action or legal conclusions and not allegations of fact for which an answer is necessary.  To the

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

1    extent an answer is required to paragraph 92, Defendant denies the allegations.

2        93.    Defendant is without sufficient knowledge or information sufficient to

3    form a belief as to the truth of each and every allegation contained in this

4    paragraph and therefore denies them.

5                    **PRAYER FOR RELIEF**

6        94.    Defendant denies each and every allegation contained in Plaintiff's

7    "Prayer for Relief" (Paragraphs 94.a. through 94.m.).

8                    **DEMAND FOR JURY TRIAL**

9        95.    Paragraph 95 contains Plaintiff's characterization of his action or legal

10   conclusions and not allegations of fact for which an answer is necessary.  To the

11   extent an answer is required to paragraph 95, Defendant denies the allegations.

12       **SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSES**

13       Defendant asserts the following affirmative defenses. These defenses are

14   asserted on information and belief, and Defendant reserves the right to seek leave

15   to amend this Answer to allege additional affirmative defenses after an opportunity

16   for investigation and discovery.  By alleging the defenses below, Defendant does

17   not in any way concede that it has the burden of proof or persuasion on any of

18   these issues.

19                    **First Affirmative Defense**

20                    **(Failure to State a Claim)**

21       1.     The Second Amended Complaint, and each purported claim for relief

22   contained therein, fails to state a claim upon which relief can be granted.

23                    **Second Affirmative Defense**

24                    **(Lack of Subject Matter Jurisdiction)**

25       2.     The Second Amended Complaint, and each purported claim for relief

26   contained therein, is barred because this Court lacks subject matter jurisdiction

27   over each and every cause of action alleged in the Second Amended Complaint.

28                    **Third Affirmative Defense**

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

-12-
**ANSWER TO SECOND AMENDED COMPLAINT**

**(Inconvenient Venue)**

3.      The Second Amended Complaint, and each purported claim for relief contained therein, is barred because this Court is an inconvenient venue for this action. 28 U.S.C. § 1404(a).

## Fourth Affirmative Defense

### (Statute of Limitations)

4.      The Second Amended Complaint, and each purported claim for relief contained therein, is barred, in whole or in part, to the extent it seeks recovery for claims that are beyond the applicable statutes of limitations.

## Fifth Affirmative Defense

### (Complied With Record Keeping Requirements)

5.      The Second Amended Complaint, and each purported claim for relief contained therein, is barred, in whole or in part, on the grounds that Defendant complied with all recordkeeping requirements of the FLSA and California law.

## Sixth Affirmative Defense

### (Estoppel)

6.      The Second Amended Complaint, and each purported claim for relief contained therein, is barred, in whole or in part, by the doctrine of estoppel.

## Seventh Affirmative Defense

### (Waiver)

7.      The Second Amended Complaint, and each purported claim for relief contained therein, is barred, in whole or in part, by the doctrine of waiver.

## Eight Affirmative Defense

### (Laches)

8.      The Second Amended Complaint, and each purported claim for relief contained therein, is barred, in whole or in part, by the doctrine of laches.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

**ANSWER TO SECOND AMENDED COMPLAINT**

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

## Ninth Affirmative Defense

### (Unclean Hands)

9.     The Second Amended Complaint, and each purported claim for relief contained therein, is barred, in whole or in part, on the grounds that Plaintiff and/or putative class members are guilty of misrepresenting the number of hours they actually worked for the purpose of inflating their claims for back pay and overtime.

## Tenth Affirmative Defense

### (Not Misclassified)

10.     The Second Amended Complaint, and each purported claim for relief contained therein, is barred, in whole or in part, on the grounds that to the extent Plaintiff and/or putative class members were employed by Defendant, they were properly classified under the FLSA and California Labor Code.

## Eleventh Affirmative Defense

### (Not Employed by Defendant)

11.     The Second Amended Complaint, and each purported claim for relief contained therein, is barred, in whole or in part, to the extent that Defendant was not Plaintiff's and/or putative class members' employer.

## Twelfth Affirmative Defense

### (Individualized Inquiry Required)

12.     The Second Amended Complaint, and each purported claim for relief contained therein, is barred, in whole or in part, on the grounds that this case is not proper for resolution as an FLSA collective action or class action due to the highly individualized questions of fact.

## Thirteenth Affirmative Defense

### (Not Similarly Situated)

13.     The Second Amended Complaint, and each purported claim for relief contained therein, is barred, in whole or in part, on the grounds that this case may not be maintained as an FLSA collective action because Plaintiff and/or putative

class members are not similarly situated, and Plaintiff cannot adequately represent, the persons whom he purports to represent.

### Fourteenth Affirmative Defense

### (Plaintiff and/or Putative Class Members' Acts or Omissions)

14. The Second Amended Complaint, and each purported claim for relief contained therein, is barred to the extent that the alleged wrongful conduct and/or damages, if any, resulted from the acts and/or omissions of Plaintiff and/or putative class members.

### Fifteenth Affirmative Defense

### (Mitigation and/or Limitation of Damages)

15. The Second Amended Complaint, and each purported claim for relief contained therein, is barred to the extent that Plaintiff and/or putative class members failed to mitigate their damages.

### Sixteenth Affirmative Defense

### (Good Faith)

16. The Second Amended Complaint, and each purported claim for relief contained therein, is barred, in whole or in part, on the grounds that Defendant acted in good faith and had reasonable ground for believing that its policies and practices complied with their obligations under the FLSA, California law. Any alleged failure to pay any owed wages was the result of a good faith dispute as to whether wages were due and owing.

### Seventeenth Affirmative Defense

### (Plaintiff Paid for Work Performed)

17. The Second Amended Complaint, and each purported claim for relief contained therein, is barred, in whole or in part, on the grounds that Plaintiff and/or putative class members have received full payment for all work performed.

**Gordon & Rees LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

**Eighteenth Affirmative Defense**

**(Compliance)**

18.    The Second Amended Complaint, and each purported claim for relief contained therein, is barred, in whole or in part, on the grounds that the responding party was in compliance with regulations, administrative ruling or letters, and industry standards.

**Nineteenth Affirmative Defense**

**(No Injury/De Minimis)**

19.    The Second Amended Complaint, and each purported claim for relief contained therein, is barred, in whole or in part, on the grounds that the time for which Plaintiff seeks compensation is *de minimis* and Plaintiff did not suffer any damage as a result of the conduct alleged against Defendant.

**Twentieth Affirmative Defense**

**(Offset)**

20.    The Second Amended Complaint, and each purported claim for relief contained therein, is barred, in whole or in part, on the grounds that Plaintiff has received payments to which he was not entitled, which payments offset any entitlement he now seeks, in whole or in part.

**Twenty-First Affirmative Defense**

**(Not "Work" Under FLSA)**

21.    The Second Amended Complaint, and each purported claim for relief contained therein, is barred, in whole or in part, on the grounds that the hours Plaintiff claims to have worked as overtime are not "hours worked" within the meaning of the FLSA and applicable Wage Orders of the Industrial Welfare Commission.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

### Twenty-Second Affirmative Defense

### (No Knowledge or Consent)

22.    The Second Amended Complaint, and each purported claim for relief contained therein, is barred, in whole or in part, on the grounds that to the extent Plaintiff engaged in any uncompensated work, it was without the knowledge or consent of Defendant, and was performed in a manner designed to conceal it from Defendant.

### Twenty-Third Affirmative Defense

### (Not Entitled to Liquidated Damages)

23.    The Second Amended Complaint, and each purported claim for relief contained therein, is barred, in whole or in part on the grounds that in the event Defendant is found liable, Plaintiff and/or putative class members are not entitled to recover liquidated damages because the acts or omissions giving rise to the action were in good faith and that Defendant had reasonable grounds for believing that the acts or omissions were not a violation of any applicable law.

### Twenty-Fourth Affirmative Defense

### (Unintentional)

24.    The Second Amended Complaint, and each purported claim for relief contained therein, is barred, in whole or in part because to the extent Plaintiff and/or any putative class members did not receive all wages upon termination, the alleged failure to pay such wages was not willful. To the extent Plaintiff and/or any putative class members claim that wages were not paid, such wages were the subject of a good faith dispute.

### Twenty-Fifth Affirmative Defense

### (Independent Contractors)

25.    The Second Amended Complaint and each claim for relief therein fail because Plaintiff and/or members of the putative class were at all times independent contractors, making the California Labor Code and Minnesota

Statutes inapplicable.

**Twenty-Sixth Affirmative Defense**

**(No Injury)**

26.    The Tenth Cause of Action is barred, in whole or in part, on the grounds that Plaintiff and/or putative class members suffered no injury as a result of the alleged failure to provide accurate wage statements.

**Twenty-Seventh Affirmative Defense**

**(No Liability For Hours Not Worked)**

27.    The Second Amended Complaint, and each purported claim for relief contained therein, is barred, in whole or in part to the extent that the hours claimed to have been worked by Plaintiff and/or putative class members are not "hours worked" within the meaning of applicable Wage Orders of the Industrial Welfare Commission.

**Twenty-Eighth Affirmative Defense**

**(Lack of Causation)**

28.    The Second Amended Complaint, and each purported claim for relief contained therein, is barred, in whole or in part because to the extent Plaintiff and/or putative class members have suffered damages, which Defendant denies, such damages were not caused by Defendant, but were instead caused by the acts and/or omissions of others and/or by circumstances for which Defendant is not legally responsible.

**Twenty-Ninth Affirmative Defense**

**(Avoidable Consequences)**

29.    The Second Amended Complaint, and each purported claim for relief contained therein, is barred, in whole or in part under the doctrine of avoidable consequences in that Plaintiff failed to take advantage of preventative or corrective opportunities provided by the facilities affiliated with Defendant.

**Gordon & Rees LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

**Thirtieth Affirmative Defense**

**(No Irreparable Harm)**

30.    Plaintiff's requested relief is not appropriate, in whole or in part, on the grounds that injunctive relief is not appropriate because there is no risk of irreparable harm.

**Thirty-First Affirmative Defense**

**(Adequate Remedies at Law)**

31.    Plaintiff's requested relief is not appropriate, in whole or in part, on the grounds that even if Plaintiff were to prevail, Plaintiff would have adequate remedies at law.

**Thirty-Second Affirmative Defense**

**(No Common Questions)**

32.    Class certification is inappropriate on some or all of Plaintiff's claims because common questions of fact and law do not predominate, and there are highly individualized questions of fact that would be present.

**Thirty-Third Affirmative Defense**

**(No Attorneys' Fees)**

33.    Plaintiff's claims for attorneys' fees are barred because Plaintiff has not alleged facts, and Defendant has not engaged in conduct, that entitles Plaintiff to an award of attorneys' fees or costs.

**Thirty-Fourth Affirmative Defense**

**(Punitive Damages Unconstitutional – Interstate Commerce)**

34.    Plaintiff's claims for punitive, exemplary, and/or statutory damages are barred because the imposition of punitive, exemplary, or statutory damages under the circumstances of Plaintiff's claims and/or the applicable punitive, exemplary, and/or statutory damages statutes are unconstitutional in that they impose an undue burden on interstate commerce.

**ANSWER TO SECOND AMENDED COMPLAINT**

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

### Thirty-Fifth Affirmative Defense

### (Punitive Damages Unconstitutional – Due Process)

35.    Plaintiff's claims for punitive, exemplary, and/or statutory damages are barred because the imposition of punitive, exemplary, or statutory damages under the circumstances of Plaintiff's claims and/or the applicable punitive, exemplary, and/or statutory damages statutes violate Defendant's right to due process.

### Thirty-Sixth Affirmative Defense

### (Punitive Damages Unconstitutional – State Claims)

36.    Plaintiff's claims for punitive, exemplary, and/or statutory damages under state law are barred because the provision of California law allowing the award of punitive, exemplary, and/or statutory damages and the substantive rules and procedures and standards determining whether or not to award them and if so, in which amount violates Defendant's right to due process and equal protection under the law, under the United States and California Constitution.

### Thirty-Seventh Affirmative Defense

### (No Fraud, Oppression, or Malice)

37.    Plaintiff's claims for punitive, exemplary, and/or statutory damages are barred because Plaintiff's claims do not sufficiently state facts supporting a finding that Defendant acted with fraud, oppression, or malice, and at no time did Defendant act with fraud, oppression, or malice.

### Thirty-Eighth Affirmative Defense

### (No Unfair or Fraudulent Conduct)

38.    Defendant cannot be liable for any violation of the Unfair Competition Law, Cal. Business & Professions Code § 17200, *et seq.* because its actions towards Plaintiff and/or the putative class were not unfair, fraudulent, or likely to mislead the putative class or the public. Defendant's conduct and dealings with the Plaintiff and/or the putative class was lawful and authorized by applicable

ANSWER TO SECOND AMENDED COMPLAINT

1    state and federal statutes, rules and regulations, and such actions, conduct and

2    dealings were carried out in good faith and for legitimate business purposes.

### Thirty-Ninth Affirmative Defense

### (No Punitive Damages)

3
4
5    39.    Plaintiff's claim for punitive damages is barred as Plaintiff cannot and

6    has not alleged facts sufficient to establish punitive damages and such damages

7    cannot be awarded given the lack of any involvement of any officer, director, or

8    managing agent of Defendant in any alleged actions.

### Fortieth Affirmative Defense

### (Superiority)

9
10
11   40.    Class action certification is inappropriate on some or all of Plaintiff's

12   claims because proceeding as a class action is not superior to other procedures

13   available to the putative class members.

### Forty-First Affirmative Defense

### (Typicality)

14
15
16   41.    Class action certification is inappropriate on some or all of Plaintiff's

17   claims because Plaintiff's claims are not typical of the putative class she seeks to

18   represent.

### Forty-Second Affirmative Defense

### (Numerosity)

19
20
21   42.    Class action certification is inappropriate on some or all of Plaintiff's

22   claims because Plaintiff cannot meet the numerosity requirement.

### Forty-Third Affirmative Defense

### (Duplicative)

23
24
25   43.    Some of the causes of action alleged in the Second Amended

26   Complaint are barred because they are duplicative, and Plaintiff and/or members of

27   the putative class are not entitled to double or triple damages.

28

**Gordon & Rees LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

**ANSWER TO SECOND AMENDED COMPLAINT**

## Reservation of Rights

Defendant has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment in its favor and requests as follows:

1.     That the Court deny class or collective certification;

2.     That the Court deny declaratory and injunctive relief;

3.     That Plaintiff, or anyone Plaintiff purports to represent, take nothing by virtue of this action;

4.     That Defendant be awarded its fees and costs, including reasonable attorneys' fees and expert fees, in defense of this action as allowed by law; and

5.     That the Court grant Defendant such other relief as the Court deems just and appropriate.

Dated this 4th day of April, 2016.

GORDON & REES LLP

/s/ *Anthony J. Bellone*
By: _____
Debra Ellwood Meppen
Anthony J. Bellone
Attorneys for Defendant
Field Nation, LLC

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

1110575/27430247v.1